**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **J. WILDERMAN AUTOPLEX CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 09-cv-0154-MJR** |
| | ) | |
| **DERRICK SPENCER NORTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

On February 9, 2009, Plaintiff J. Wilderman Autoplex Corporation ("Wilderman")

filed suit for declaratory judgment against Defendant Derrick Spencer Norton ("Norton") in the

Circuit Court of Wabash County, Illinois. In Count I, Wilderman alleges that a dispute and actual

controversy has arisen between the parties regarding the terms of an Employment Agreement.

Specifically, Wilderman contends that it has the right to terminate Norton's employment on 30 days

prior written notice under the Agreement, but Norton contends that the Agreement provides him

with an absolute right to employment for 10 years. In Count II, Wilderman alleges that a dispute

and actual controversy has arisen between the parties regarding the interpretation of the term "gross

profit" and that it cannot properly pay Norton the 7% commission due to him until that term is

interpreted.

On February 27, 2009, Norton removed the action to this Court, invoking subject

matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**. Section 1332 confers

original jurisdiction over suits in which the amount in controversy exceeds $75,000, and the action

is between citizens of different states. The party invoking federal jurisdiction bears the burden of

demonstrating that all jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.***, **110 F.3d 424, 427 (7th Cir. 1997)**. Those requirements have been met in that the parties are diverse (Wilderman, a citizen of Illinois; Norton, a citizen of Indiana), and the amount in controversy exceeds $75,000.

Norton now moves this Court to transfer this action to the United States District Court for the Southern District of Indiana, pursuant to **28 U.S.C. § 1404(a)** (Doc. 10). The matter is fully briefed and ready for disposition.

Under **§ 1404(a)**, "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." **28 U.S.C. § 1404(a)**. A transfer is proper if: (1) venue is proper in both the transferee and transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interest of justice. ***Coffey v. Van Dorn Iron Works***, **796 F.2d 217, 219 (7th Cir. 1986)**. District Courts have broad discretion to grant or deny motions to transfer, and the burden is on the moving party to establish that the transfer is warranted. ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.***, **883 F.2d 1286, 1293 (7th Cir. 1989)**.

### The Propriety of the Transferee District

The parties do not dispute that venue is proper in both the Southern District of Illinois and the Southern District of Indiana. Accordingly, the Court turns to the second prong of the analysis to determine if the convenience of the parties and witnesses supports transfer.

### The Convenience of the Parties and Witnesses

Factors to be considered by the Court in assessing the convenience aspect of a **§ 1404(a)** transfer include: (1) the plaintiff's choice of forum, (2) the location of the parties and

witnesses, (3) the ease of access to sources of proof, and (4) the situs of material events. *ISI International, Inc. v. Borden Ladner Gervais LLP*, **256 F.3d 548, 553 (7th Cir. 2001);** *Tice v. American Airlines,* **162 F.3d 966 (7th Cir. 1998);** *General Portland Cement Co. v. Perry*, **204 F.2d 316, 318-19 (7th Cir. 1953)**.

### *Wilderman's Choice of Forum*

A plaintiff's choice of forum normally is given substantial weight under **§ 1404(a)**. *Piper Aircraft Co. v. Reyno,* **454 U.S. 235, 255 (1981).** However, where the plaintiff's choice is not its resident forum, the chosen forum is entitled to less deference. *Id.* **at 255-56.**

Wilderman's chosen forum is its resident forum and, as such, its choice is entitled to deference. This factor strongly favors retaining this action in the Southern District of Illinois.

### *The Location and Convenience of the Parties*

As to the convenience of the parties, courts traditionally give relatively less weight to this factor. If, for instance, the convenience of the witnesses and the interest of justice point strongly in a contrary direction, the location and convenience of the parties is not controlling. *See* **15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3849 (1986 & Supp. 2005)**.

When weighing the convenience of the parties, a federal trial court should consider the parties' respective residences and the parties' ability to bear the costs of litigating in a particular forum. *Forcillo v. Lemond Fitness, Inc.,* **220 F.R.D. 550, 553 (S.D. Ill. 2004);** *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, **807 F.Supp. 470, 474 (N.D.Ill. 1992).** Generally, the further a party resides from a litigation forum, the more difficult and more expensive it will be for that party to travel to a particular forum. The distance of each party's residence from different

prospective fora, therefore, serves as an effective proxy to determine and compare a party's anticipated cost and difficulty of litigating in each forum.

In this case, Norton resides in Evansville, Indiana, and Wilderman is located in Mt. Carmel, Illinois. Consequently, both parties will bear travel costs to litigate in this forum.

From Evansville, Indiana, to East St. Louis, Illinois, is a distance of nearly 170 miles. From Mt. Carmel, Illinois to East St. Louis, Illinois, is a distance of approximately 148 miles. Travel time between the cities is 2 1/2 to 3 hours. On the other hand, from Mt. Carmel, Illinois to Evansville, Indiana, is approximately 40 miles, and driving time is just under one hour.

Based on the respective locations of the parties involved, the Southern District of Indiana is comparatively more convenient than the Southern District of Illinois. However, Norton has made no showing that he is unable to bear the costs of litigating in this forum. Accordingly, this factor weighs only somewhat in favor of transfer.

### *The Location and Convenience of the Witnesses*

The convenience of witnesses is often viewed as the most important factor in the transfer balance. *See* **15 WRIGHT, MILLER & COOPER § 3851.** In general, federal courts deny transfer if the chosen forum will be most convenient for the witnesses. *Id.* However, if the alternative forum will better serve the convenience of witnesses, trial courts have consistently granted a party's motion to transfer. *Id.* **(citations omitted);** *see also Forcillo,* **220 F.R.D. 550;** *Coats Co., Inc. v. Vulcan Equipment Co., Ltd.,* **459 F.Supp. 654 (N.D. Ill. 1978).** In analyzing this factor, courts must look to the nature and quality of the witnesses' testimony with respect to the issues, not just the number of witnesses in each venue. *Forcillo,* **220 F.R.D. at 553.**

Neither party has named and verified a witness in either district. The action turns on

the interpretation of a contract, which will require little if any witness testimony for its resolution. Accordingly, this factor is neutral.

### *Access to Proof*

In the present matter, the documents necessary to present both sides of this case can be easily transported to either forum. Therefore, all parties will be comparatively and minimally inconvenienced by the necessity to transport documents to either venue, and thus this factor carries little weight. *See Forcillo,* **220 F.R.D. at 554.**

### *The Situs of Material Events*

"[I]n a breach of contract case, the situs is where the business decisions causing the breach occurred...." *First Nat. Bank v. El Camino Resources, Ltd.* **447 F.Supp.2d 902, 912 (N.D.Ill. 2006)**, *quoting Hyatt Corp. v. Personal Commc'ns Indus. Ass'n,* **No. 04 C 4656, 2004 WL 2931288, at \*3 (N.D.Ill. 2004)**. It is undisputed that the contract at issue was both made in the Southern District of Illinois and was to be performed in this District. If the contract was breached, Illinois is the situs of that breach. The parties' dispute over the interpretation of the contract also occurred in Illinois. Because the situs of material events was in Illinois, Wilderman's choice of forum is given greater deference. As a result, this factor weighs in favor of retaining this case in the Southern District of Illinois.

In sum, this Court finds that, on balance, the above elements - the location and convenience of the witnesses, Wilderman's choice of forum, the location and convenience of the parties, access to proof and the situs of material events - weigh in favor of retaining this case in the Southern District of Illinois.

### **The Interest of Justice**

The final determination this Court must make in its **§ 1404(a)** analysis is whether the transfer is in "the interest of justice." **28 U.S.C. § 1404(a)**. This component of the inquiry relates to the "efficient functioning of the courts," not the merits of the underlying dispute. *Coffey*, **796 F.2d at 221**. Factors traditionally considered in the interest of justice analysis include the transferee court's familiarity with applicable law and the congestion of both courts' dockets. *Id.* For instance, the interest of justice may be served by transfer to a district where the parties will receive a more speedy trial or where jurors have a financial interest in the case. *Id.*

Both this District and the Southern District of Indiana are equally familiar with and capable of resolving questions of contract interpretation. However, official statistics for the United States District Courts (using the most recent totals, for the 12-month period ending September 30, 2008), indicate that this case likely will be resolved more quickly in the Southern District of Illinois. *See* **http://www.uscourts.gov/cgi-bin/cmsd2008.pl**. The overall filings in the Southern District of Illinois were 1,274, while overall filings in the Southern District of Indiana were 2,942. Similarly, at the end of the reporting period, 1,195 cases were pending in the Southern District of Illinois compared with 2,519 in the Southern District of Indiana. More importantly, weighted filing in the Southern District of Illinois are 300 per judgeship compared with 627 per judgeship in the Southern District of Indiana. The time for disposition of cases between the Districts is very similar. The median time from filing to trial in both the Southern District of Illinois and the Southern District of Indiana is 29 months. The median time from filing to disposition in the Southern District of Illinois is 9.4 months and in the Southern District of Indiana, 9.2 months. Statistical data is subject to interpretation and sometimes fails to present a complete picture of the case load and conditions within a given federal court. For this reason, the undersigned Judge does not resolve any question of venue

6

transfer based on statistics alone. However, the facts of the case now before the Court render it probable that retaining this case in the Southern District of Illinois would likely expedite a resolution of this matter.

Having concluded that venue is proper in the transferor district (the Southern District of Illinois) and in the transferee district (the Southern District of Indiana), and that retaining the action in the Southern District of Illinois will serve the convenience of parties and witnesses as well as promote the interest of justice, the Court **DENIES** Norton's motion for change of venue (Doc. 10). **IT IS SO ORDERED.**

**DATED this 1st day of May, 2009**

**s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**