IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| J. WILDERMAN AUTOPLEX CORP., *Plaintiff*, | ) ) ) |
| v. | ) Civil No. 09-154-PMF |
| DERRICK SPENCER NORTON, *Defendant*. | ) ) ) |

# ORDER

**FRAZIER, Magistrate Judge**:

Before the Court is plaintiff's motion to dismiss counterclaim (Doc. No. 28). The motion is opposed (Doc. No. 40).

A federal complaint requires only a short and plain statement of the claim. Fed. R. Civ. P. 8(a). In approaching a motion to dismiss, the allegations are viewed in a light favorable to the plaintiff, accepting well-pleaded facts as true and drawing all possible inferences in his or her favor. *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009). Specific facts are not necessary; the statement need only give fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Even so, the factual allegations must be enough to raise a right to relief above the speculative level. *Id*. A plaintiff who pleads facts showing that he has no viable claim may plead himself or herself out of court. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Applying this standard to the counterclaim, the Court finds that a counterclaim for breach of an employment contract has been adequately stated. Details regarding the nature of the breach and surrounding circumstances may be developed and explored during discovery.

Accordingly, plaintiff's motion (Doc. No. 28) is DENIED.

**IT IS SO ORDERED.**

**DATED:   September 10, 2009  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**