IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

J. WILDERMAN AUTOPLEX CORP., et al.,   )
       *Plaintiff/Counter-defendants*   )
v.   )   Civil No. 09-154-PMF
DERRICK SPENCER NORTON, et al.,   )
       *Defendant/Counter-plaintiff*   )

## MEMORANDUM AND ORDER

**FRAZIER, Magistrate Judge**:

Before the Court are pending motions. The first item considered is an argument advanced by plaintiff in the brief supporting its motion for summary judgment.[1] Plaintiff seeks summary judgment, remand, or dismissal for lack of jurisdiction (Doc. No. 79, pp. 17-19). Although the motion is opposed, the jurisdiction argument is not addressed by the defense (Doc. No. 88).

## I.    Reconsideration of Subject Matter Jurisdiction

Plaintiff's argument is evaluated as a motion to reconsider Judge Reagan's March, 2009, decision on subject matter jurisdiction. While a district court has considerable discretion to reconsider an earlier order, these requests serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

This Court has original jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests." 28 U.S.C. § 1332(a)(1). Because this case was removed, the amount in controversy is the amount required to satisfy J. Wilderman's demands in full on the day the suit was removed.

---

[1] There is a counterclaim and a third-party claim. For the sake of simplicity, I refer to J. Wilderman Autoplex Corporation as the plaintiff and Derrick Spencer Norton as the defendant.

*BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). The burden rested on Norton, who filed the removal notice. Norton's burden at the time was to show "to a reasonable probability that jurisdiction exists." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).

This action was removed on February 27, 2009, when the parties had substantially different views regarding the terms of the employment contract. On March 2 and 9, 2009, Judge Reagan performed a *sua sponte* evaluation of the Court's jurisdiction and ruled that the defendant sufficiently alleged the amount in controversy in the removal notice (Doc. No. 5, 12). After the requisite amount in controversy was established to Judge Reagan's satisfaction, jurisdiction may be defeated if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

Plaintiff notes that correspondence exchanged between the parties in January and February, 2009, did not result in settlement. Plaintiff speculates that Judge Reagan gave too much weight to a settlement demand tendered by the defense, which it characterizes as "pure bluffing."

The argument lacks merit. Judge Reagan did not consider or rely on settlement negotiations preceding this lawsuit. Although the documents noted by plaintiff existed, they were not presented to Judge Reagan for review. Judge Reagan did evaluate the materials on file, including plaintiff's allegations and the employment contract attached to the Complaint. Those materials rationally support the conclusion that the parties were embroiled in a dispute regarding the amount of compensation due to Norton following a decision to terminate a 10-year employment contract at the end of the first year. Judge Reagan properly determined that the threshold amount in controversy was met, based on the contractual terms outlining Norton's level of compensation (stock options, real estate options, vehicle loans, and a 7% commission with a weekly draw against commission of $1500) and the unexpired term of the agreement (nine years remaining on a ten-year term).

Plaintiff also complains that defendant did not produce or disclose damages computations

in discovery. This argument might support an oral request for a discovery order made in accordance with Rule 37 of the Federal Rules of Civil Procedure and the Order Regarding Discovery (Doc. No. 56). It lends no support for the request for reconsideration of Judge Reagan's ruling on jurisdiction. *St. Paul Mercury Indemnity*, 303 U.S. at 289-90 (jurisdiction depends on the state of affairs when the case begins – what happens later is irrelevant).

In sum, the request for reconsideration of Judge Reagan's initial assessment of subject matter jurisdiction is not supported by information showing to a legal certainty that plaintiff's claim is for less than the jurisdictional amount. This motion (part of Doc. No. 79) is DENIED.

## II. Lack of Civility

In this Court, legal practice is to be civil. In attempting to serve the interests of their respective clients, the attorneys for both parties have approached incivility. Their clients do not benefit from these tactics. The attorneys are WARNED that lack of civility will not be tolerated. If this warning is not heeded, the Court will not hesitate to strike documents and impose appropriate sanctions.

## III. Motion to Strike

Defendant has moved to strike portions of the affidavit of James J. Wilderman and two of the supporting exhibits. Plaintiff opposes the motion, suggesting that these materials can be admitted to show lack of good faith and fair dealing, compliance with the contract terms, or prevailing party status.

Settlement discussions offered to establish liability and/or calculate damages are inadmissible under Rule 408. Fed. R. Evid. 408. The motion (Doc. No. 72) is GRANTED as follows. The evidence submitted in violation of Rule 408 has not been considered.

## IV. Reply Exhibits

On March 1, 2010, plaintiff filed a reply brief with exhibits attached. Because defendant had

no opportunity to meet those exhibits (ILSD-LR 7.1(c) prohibits sur-reply briefs), the exhibits (Doc. No. 90, pp. 7-13) are not considered.

## V.     Third Party Claim

On October 30, 2009, defendant initiated a third-party action against James J. Wilderman (Doc. No. 65). The 120-day limit for serving process has expired. Fed. R. Civ. P. 4(m). There is no waiver on file and no proof of service on the third party. Fed. R. Civ. P. 4(l)(1). The third-party claim against James J. Wilderman is DISMISSED without prejudice for lack of service of process.

## VI.    Plaintiff's Motion for Summary Judgment - Counts 1 and 2

Count 1 is a request that the Court declare the rights of the parties under the employment contract, as it pertains to termination, term of employment, and recovery of legal expenses. Specifically, plaintiff asked for a declaration that it (1) could terminate Norton's employment on at least 30 days prior written notice, (2) that Norton had no absolute right to employment for a period of ten years, and (3) that fees, costs and other litigation fees may be recovered (Doc. No. 4). Count 2 is a request that the Court declare the rights of the parties under the clause describing compensation under the base pay plan (Doc. No. 4). Plaintiff seeks judgment in its favor on both Counts on the basis that the matters raised have been conceded (Doc. No. 79, pp. 2-6). In the brief filed in response to the defense motion, plaintiff observes that "the terms of the contract are not at issue . . ." (Doc. No. 70, p. 13).

Defendant responds that a declaratory judgment is not warranted because no legal dispute exists or that any prior dispute about the meaning of the termination clause is now moot. He describes Count 1 as a misunderstanding, stating:

> [T]here is no factual or legal dispute between the parties on this issue of contract interpretation. The parties agree that paragraph two(2), subsection (b), of the contract provided that it could be terminated 'at either party's option on at least 30 days prior written notice.

(Doc. No. 63, p. 11). Defendant also claims that a declaratory judgment may not be awarded in favor of the plaintiff due to its material breach of the employment contract.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts presented are construed in the light most favorable to the non-moving party and all reasonable and justifiable inferences are drawn in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive a summary judgment motion, the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Vanasco v. Nat'l-Louis Univ.*, 137 F.3d 962, 965 (7th Cir.1998).

The relevant portions of the employment contract provide as follows:

Term. The employment hereunder shall be for a period of ten years, which shall commence on the date hereof and shall continue until December 31, 2017, and shall automatically be renewed for an additional period of one year each year there after. Notwithstanding the foregoing, the employment hereunder may be earlier terminated (a) upon Employee's death; (b) at either party's option on at least 30 days prior written notice, (c) by Employer for cause; (d) or Employee's disability.

Base Pay Plan. For services rendered by Employee under this agreement, Employer shall compensate Employee in the following manner:
. . . . (ii). A 7% commission of all Gross profit (all departments) of the J. Wilderman Autoplex main store and a 7% commission of the J. Wilderman Autoplex Annex in Olney Illinois with the following exception: Any outside vendor's promotion expenses will be considered as a charge against Gross profit to include: 1) the actual commission paid to the outside vendor and 2) any exceptional advertising pertaining only to the vendor's promotion.

The remedy of declaratory judgment is available "[i]n a case of actual controversy." 28 U.S.C. § 2201. The burden of establishing the existence of an actual controversy rests with plaintiff. *See Cardinal Chem. Co. v. Morton Int'l Inc.*, 508 U.S. 83, 95(1993).

The only information offered in support of plaintiff's motion shows the *absence* of an actual controversy. On this point, the Court agrees with Norton that declaratory relief is no longer appropriate as to the termination provision, considering his prompt effort to litigate his breach of contract claim as a counterclaim in this suit. See *Tempco Elec. Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)(noting circumstances in which a declaratory judgment will not serve a useful purpose). Moreover, the materials on file suggest that defendant's base pay can be calculated (Doc. No. 79-1, ¶ 10; Doc. Nos. 79-9, 79-10). This information shows that controversies that were perceived or actually existed when the action was filed no longer exist. Declaratory relief is not appropriate in these circumstances.

### VII.   Defendant's Motion for Summary Judgment on Liability – Counterclaim

Defendant seeks partial judgment in his favor as to liability only on his breach of contract claim, leaving only the question of damages (Doc. No. 62). Plaintiff responds that defendant has not carried his burden of proof as to the elements of breach and damage resulting from the breach. The defense of waiver is also asserted as a bar to liability, based on Norton's acceptance of $6,000 vacation pay for January, 2009 (Doc. No. 70).

Based on the choice of law provision in the employment contract, the Court applies the substantive law of Illinois to the breach of contract claim.[2] In Illinois, the plaintiff must prove the existence of a contract, performance of its conditions by the complainant, a breach by the defendant, and damages as a result of the breach. *Associated Underwriters of America Agency, Inc. v. McCarthy,* 826 N.E.2d 1160, 1168 (Ill. App. 2005).

Plaintiff can prove the existence of a contract and performance of its conditions on his part.

---

[2] The contract provides:
>    Applicable Law. This agreement is to be governed by and interpreted in accordance with the laws of the State of Illinois applicable to agreements made and to be performed therein.

(Doc. No. 4, pp. 8, 12).

As to the last two elements, breach and damages, material facts remain in dispute.  Also, the facts supporting the affirmative defense of waiver remain at issue.  Accordingly, defendant is not entitled to judgment in his favor as to liability on his breach of contract claim.

In reviewing the evidence, the Court has determined that a number of relevant facts are not in dispute.  Pursuant to Rule 56, these facts shall be treated as established:

(1). J. Wilderman Autoplex Corp. And Derrick Spencer Norton entered into an employment agreement as of January 1, 2008.  The agreement attached to the Complaint is a true copy of the agreement of the parties.

(2). Derrick Spencer Norton performed the jobs of general sales manager and chief operating officer for approximately one year.

(3). J. Wilderman Autoplex Corp. paid Derrick Spencer Norton's compensation paid as follows.  He received weekly draws against commission in the amount of $1,500.00 per week.  After the end of each month, all commissions were calculated and any remaining sum due was paid.

(4). In addition to the commission, J. Wilderman Autoplex Corp. regularly paid Norton $200 per month to offset a tax obligation.

(5). During his employment, Derrick Spencer Norton was entitled to 21 paid vacation days each year, free use of a company automobile, and health insurance benefits.

(6). The agreement provided that Derrick Spencer Norton's employment could be terminated at either party's option on at least 30 days prior written notice.

(7). J. Wilderman Autoplex Corp. verbally terminated Derrick Spencer Norton's employment on January 5, 2009.  Derrick Spencer Norton's health insurance benefits were terminated the same day.

(7). J. Wilderman Autoplex Corp. offered, and Derrick Spencer Norton accepted $6,000 in vacation pay.

(8). Derrick Spencer Norton surrendered his company vehicle.

(9). Written notice of the termination was sent to Derrick Spencer Norton on January 20, 2009.

(10). Derrick Spencer Norton did not perform any services for J. Wilderman Autoplex Corp. after January 5, 2009.

(11). During the relevant time, no shares of J. Wilderman Autoplex Corp. stock were

issued or sold.

(12).   During the relevant time, no real estate used by J. Wilderman Autoplex Corp. was sold.

## VIII.  Conclusion

Defendant's motion to strike (Doc. No. 72) is GRANTED as noted. The motions for summary judgment (Doc. Nos. 62, 78) are DENIED. Defendant's third party claim against James J. Wilderman is DISMISSED without prejudice for lack of service of process.

**IT IS SO ORDERED.**

**DATED:   July 22, 2010  .**

**  S/ Philip M. Frazier  
PHILIP M. FRAZIER  
UNITED STATES MAGISTRATE JUDGE**